IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

SHAWN T. ANDERSON,

      Movant

v.                                       Case No. 1:16-cv-05790
                                           Case No. 1:12-cr-00093-1

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition. Pending before the court is the Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 47).

On June 6, 2019, following full briefing of the issues, this matter was stayed pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On June 24, 2019, the Supreme Court issued its decision in *Davis* extending the vagueness analysis used in *United States v. Johnson*, 135 S. Ct. 2551 (2015) to invalidate the residual clause contained in 18 U.S.C. § 924(c)(3)(B) and clarifying that a categorical approach must be applied to determine whether a crime under § 924(c) is a crime of violence. *See also United States v. Simms,* 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (finding that the residual clause of section 924(c) is unconstitutionally vague).

In light of these decisions, this matter is now ready for resolution. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY** and return this matter to the active docket for final adjudication.

**RELEVANT PROCEDURAL HISTORY**

On October 8, 2012, Shawn T. Anderson (hereinafter "Defendant") pled guilty, pursuant to a written plea agreement, to one count of use and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Seven), as set forth in an Indictment returned on May 24, 2012. Count Seven of the Indictment specifically alleged that the underlying "crime of violence" for the § 924(c) charge was tampering with an informant in violation of 18 U.S.C. §§ 1512(a)(2)(C) and (a)(3)(B)(ii). On April 8, 2013, Defendant was sentenced to 120 months in prison. A Judgment was entered on April 15, 2013 (ECF No. 40). Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.[1]

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore announced a new substantive rule that applies retroactively to cases on collateral review.

---

[1] Defendant's plea agreement contained a provision that waived his right to file a direct appeal, so long as he was sentenced to the agreed upon 10-year mandatory minimum sentence. The plea agreement also waived his right to collaterally attack his conviction and sentence unless such attack was based on a claim of ineffective assistance of counsel. (ECF No. 28 at 5).

On June 15, 2016, attorney Derrick W. Lefler was appointed to represent Defendant to determine whether he was entitled to any relief based upon *Johnson*.  Then, on June 27, 2016, Defendant, by counsel, filed the instant Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 47), asserting that his § 924(c) conviction and sentence are invalid under the rationale in *Johnson*.  The United States responded to the § 2255 motion (ECF Nos. 57, 58, and 63), and Defendant filed a reply (ECF No. 61).  As noted above, the undersigned stayed this matter pending the Supreme Court's decision in *Davis*, but it is now ripe for adjudication.

## APPLICABLE STATUTORY AUTHORITY

Section 2255(a) of Title 28 provides as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.  The one-year period runs from the latest of one of four specified events:

> *(1) the date on which the judgment of conviction becomes final*; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such motion by governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (Emphasis added). Defendant's § 2255 motion is clearly untimely under § 2255(f)(1). Accordingly, here, any applicable relief may only be granted if Defendant's claims meet the criteria under § 2255(f)(3).

## DISCUSSION

When Defendant was convicted, section 924(c)'s definition of a "crime of violence" contained two clauses. First, § 924(c)(3)(A), which is commonly referred to as the "force clause," includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another...." 18 U.S.C. § 924(c)(3)(A). The second clause, contained in § 924(c)(3)(B), commonly referred to as the "residual clause," covered offenses that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The § 924(c) residual clause is materially indistinguishable from the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which was invalidated in *Johnson*.

Defendant's § 2255 motion asserts that, absent the residual clause, his underlying crime of tampering with an informant does not otherwise meet the definition of a "crime of violence" sufficient to sustain his conviction under § 924(c). Thus, he contends that his conviction and sentence should be vacated.

As noted previously, in *Davis*, the Supreme Court found that the residual clause contained in § 924(c)(3)(B) is void for vagueness under the same rationale as that used in *Johnson* to invalidate the ACCA residual clause, and the Court further directed that a categorical approach is required to determine whether a particular offense is a crime of violence. 139 S. Ct. at 2327-2336. Thus, the residual clause cannot be used to support a finding that witness tampering is a crime of violence sufficient to support Defendant's § 924(c) conviction.

*Davis* was a direct appeal.  Nonetheless, the Fourth Circuit recently issued an opinion deeming *Davis* retroactive on collateral review.  *See In re Thomas*, No. 19-292, 2021 WL 725619, at *1 (4th Cir. Feb. 23, 2021) ("Today we join our sister circuits in holding that *Davis* applies retroactively to cases on collateral review.").  Accordingly, this court will review Defendant's conviction and sentence thereunder to determine whether he is entitled to relief under § 2255.  Because Defendant's motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his motion was timely under 28 U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

However, even presuming the retroactive application of *Davis* herein, Defendant's witness tampering offense is still, categorically, a crime of violence under § 924(c)'s force clause.  At the time of Defendant's instant offense, 18 U.S.C. § 1512(a)(2)(C) stated as follows:

> (a)(2) Whoever uses physical force, or the threat of physical force against any person, or attempts to do so, with intent to –
>
> (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
>
> shall be punished as provided in paragraph (3).

18 U.S.C. § 1512(a)(2)(C).  The language of this statute tracks the language of the force clause's requirement that a crime have "as an element the use, attempted use, or threatened use of physical force against the person or property of another...."  18 U.S.C. § 924(c)(3)(A).  As used in § 924(c), the term "physical force" means "violent force", which is "force capable of causing physical pain

5

or injury to another person." *United States v. Johnson*, 559 U.S. 133, 140 (1990). The United

States asserts that Defendant's § 1512(a)(2)(C) offense is "unquestionably a crime of violence

under the force clause of § 924(c)(3)(A)." (ECF No. 58 at 9, 24).

Defendant, on the other hand, asserts that, using the categorical approach, the court must

look to the "least culpable" or "most innocent" conduct required to violate the statute, and that the

least culpable conduct required under § 1512(a)(2)(C) does not categorically qualify as "violent

force." (ECF No. 61 at 3). His reply brief further states:

> With the recognition that "physical force" requires more than de minimis force, the
> witness tampering statute could be violated by the application of de minimis force,
> or force less than that capable of causing physical pain or injury to another person.
> Ready examples would be, using physical restraint or holding someone at bay with
> such physical force capable of doing so, but without being sufficient to inflict pain
> or injury. Therefore, the predicate offense underlying petitioner's conviction under
> §924(c) is not a "crime of violence" under the force clause. As a result, such
> conviction cannot be sustained.

(*Id.*)

However, even after *Davis*, witness tampering under § 1512(a)(2)(C) is a crime of violence

under the force clause. *See, e.g., Smith v. United States*, No. SAG-05-cr-0061, 2023 WL 4268575

(D. Md. June 29, 2023) ("the underlying statute invariably requires a showing that Smith used,

attempted to use, or threatened the use of physical force."). Like *Smith*, this court should find that

Defendant's crime involving witness tampering remains a crime of violence. The undersigned has

not located any authority finding otherwise. Thus, Defendant cannot demonstrate that his § 924(c)

conviction was improper or unconstitutional and he is not entitled to any relief under § 2255.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's

offense under 18 U.S.C. § 1512(a)(2)(C) is categorically a crime of violence under 18 U.S.C. §

924(c)(3)(A), that Defendant was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A),

and that his 120-month sentence for that conviction is not in excess of the maximum authorized

by law or imposed in violation of the Constitution or laws of the United States.  Therefore, Defendant is not entitled to any collateral relief on that basis.[2]

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY**, **REINSTATE** this matter to the active docket, **DENY** Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 47) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

---

[2]  Because Defendant is not entitled to any substantive relief, the undersigned declines to address the other reasons for dismissal argued by the United States.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy

of the same to Defendant, and to transmit a copy to counsel of record.


October 8, 2024

Dwane L. Tinsley
United States Magistrate Judge